HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK GREER,

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC,

    Defendant.

CASE NO. C13-5964 RBL

ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant Ocwen Loan Servicing LLC's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. [Dkt #7] Ocwen was Plaintiff Rick Greer's mortgage loan servicer. Greer alleges that Ocwen failed to prove it owned his loan, failed to respond to his concerns, and issued a Notice of Default without the authority to do so. Greer has asserted claims under the Fair Debt Collection Practices Act (FDCPA), the Truth in Lending Act (TILA), the Washington Collection Agency Act (WCAA), and the Washington Consumer Protection Act (WCPA). Ocwen moves to dismiss all of Greer's claims, arguing that the FDCPA and TILA do not apply, that the alleged WCAA violations are only actionable under the WCPA, and that Greer has not alleged an injury cognizable under the WCPA.

ORDER - 1

## II. BACKGROUND

In 2004 Greer borrowed $148,000 to purchase residential property, executing both a Promissory Note and Deed of Trust in the process. The Deed named Homecomings Financial Network, Inc. as the lender and Mortgage Electronic Registration System, Inc., (MERS) as the beneficiary, acting solely as nominee for the lender and its assigns.

On February 7, 2013, Greer received a letter from his loan's prior servicer, GMAC Mortgage, LLC, entitled "Notice of Transfer and Welcome to Ocwen Loan Servicing, LLC." Greer, attempting to validate a proper chain of ownership of his note, sent Ocwen multiple letters in February, June, and July of 2013, including a Qualified Written Request. As required, Ocwen responded to Greer's Qualified Written Request, and stated that GMAC had sold certain assets to Ocwen.

Ocwen sent a number of letters during September and October of 2013 warning of default and threatening foreclosure. The footers of Ocwen's letters stated "[t]his communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose."

On October 17, 2013, Ocwen issued a "Notice of Default" and requested Greer pay $64,180.70. This letter gave Greer 30 days to dispute the debt in writing. It also stated "[t]he debt is owed to Ocwen as the owner or servicer of your home loan and mortgage." On November 4, 2013, Greer looked up his account on the MERS website. The website showed that GMAC was the alleged servicer of record.

Greer filed this Complaint the next day. He alleges that Ocwen violated the FDCPA, TILA, the WCAA, and the WCPA, and seeks actual, statutory, treble, and punitive damages, and attorney's fees.

1    Ocwen moves to dismiss, arguing that it was not subject to the FDCPA because it is a
2 loan servicer, not a debt collector; that TILA doesn't apply to loan servicers; that the alleged
3 WCAA violations are only actionable under the WCPA; and that Greer has not pled facts to
4 support his WCPA claim or a cognizable injury.

5    Greer argues that Ocwen stated in its correspondence that it is a debt collector and is
6 subject to and has violated both FDCPA and TILA.  He also argues that his WCAA claims are
7 separate from his WCPA claims and that Ocwen's actions injured him through lost time and
8 energy while preparing for this lawsuit.[1]

9                              **III.   DISCUSSION**

10   **A.   Fed. R. Civ. P. 12(b)(6) Standard.**

11   Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal
12 theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*
13 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state
14 a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  A
15 claim has "facial plausibility" when the party seeking relief "pleads factual content that allows
16 the court to draw the reasonable inference that the defendant is liable for the misconduct
17 alleged."  *Id.* at 678.  Although the Court must accept as true a complaint's well-pled facts,
18 conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper
19 Rule 12(b)(6) motion.  *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v.*
20 *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide

---

[1] Ocwen also requests that the Court take judicial notice of four public records: Greer's Deed of Trust and three documents from Greer's Bankruptcy proceedings.  Greer argues that these documents are inaccurate and irrelevant to this proceeding because the Deed of Trust does not mention Ocwen and the bankruptcy proceedings are not relevant to the present case.  Ocwen has failed to show how these documents are necessary to the Court's analysis.  Ocwen's Request for Judicial Notice is DENIED.

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**B.     FDCPA Does Not Apply to Ocwen as a Loan Servicer.**

Ocwen argues that mortgage servicing companies are not debt collectors under FDCPA, unless the loan was in default before Ocwen acquired it, and that Greer has failed to plead or argue that his loan was in default before Ocwen acquired the loan. Greer argues that Ocwen is subject to FDCPA because it is a collection agency and has stated in its correspondence with him that it is a debt collector.

The parties agree FDCPA's definition of "debt collector" exempts loan servicers "as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

Even though Ocwen's correspondence states that it is a debt collector, Ocwen is not a debt collector under FDCPA if Greer had not defaulted prior to Ocwen acquiring his loan. *See Perry*, 756 F.2d 1197. While Greer alleges that Ocwen is a debt collector, this Court does not

have to accept Greer's unsupported legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Greer's factual allegations support that Greer is not a debt collector under FDCPA. Greer pled that Ocwen first notified him of its involvement in his debt on February 7, 2013, and that Ocwen first issued a Notice of Default on October 17, 2013. Greer has not alleged that he defaulted prior to Ocwen acquiring his loan, and thus Ocwen does not fall under FDCPA's definition of a debt collector.

Ocwen is not subject to the FDCPA and Greer's FDCPA claims are dismissed, with prejudice.

**C.     TILA Does Not Apply to Ocwen as a Loan Servicer.**

Greer alleges that Ocwen may be a creditor under TILA and that Ocwen violated TILA in failing to provide proper notice of its status as a new creditor as required under 15 U.S.C. § 1641(g). Ocwen argues that TILA only applies to the owner of the loan and that Greer has not and cannot plead facts to support that Ocwen is the owner, and not the servicer of the loan.

Under TILA, a servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation. 15 U.S.C. § 1641(f)(1). Servicers of consumer obligations are not liable under TILA unless they are also the owner of the obligation. *Harvick v. American Home Mortgage Servicing Inc.*, 2013 WL 3283523 (E.D. Cal. June 27, 2013); *Boles v. Merscorp, Inc.*, 2009 WL 734133 (C.D. Cal. March 19, 2009).

Greer again pleads facts that do not support that Ocwen is the owner of the loan. Ocwen stated in its correspondence that it is "the servicer of the loan, and not necessarily the owner of the loan." Greer does not allege that Ocwen is the owner of the loan or facts to support such a theory; in fact, Greer alleges that Homecomings Financial Network, Inc. was the original lender and that GMAC may be the current owner of his loan. Based on Greer's alleged facts, Ocwen is not subject to TILA.

1  Greer's TILA claims are dismissed with prejudice.

2  **D.   Greer Has Not Asserted a Compensable Injury for His WCAA and WCPA Claims.**

3  Greer alleges that Ocwen violated the WCAA by failing to provide requested disclosures

4  and prematurely issuing a Notice of Default. He alleges that he lost time and incurred expenses

5  as a result of Ocwen's actions. Greer's WCPA claims are based on the same alleged violations

6  of the WCAA.[2] Ocwen argues[3] that Greer has not pled facts sufficient to support these alleged

7  violations and that Greer claims he has been injured as a result of this litigation, which is not

8  compensable.

9  Injury is generally a precondition to a private right of action under state consumer

10 protection acts. *See Pagan v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 57, 204 P.3d 885

11 (2009). Both parties rely on *Pagan*, which states that a Plaintiff must prove that a Defendant's

12 deceptive act proximately caused injury to his "business or property." 166 Wn.2d 27, 63-64.

13 Under the WCPA, this injury may include minimal or unquantifiable damages, but it cannot

14 include the cost of litigation or personal injuries. *Id*. at 57-58.

15 Greer has not pled facts to support any compensable injury. His response brief details

16 extensively his "burden and loss of time." However, the activities he details all relate to this

---

[2] Certain violations of the WCAA constitute unfair or deceptive acts or practices occurring in the conduct of trade or commerce within the meaning of the WCPA:
> The operation of a collection agency or out-of-state collection agency without a license as prohibited by RCW 19.16.110 and the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86.

RCW 19.16.440.

[3] Ocwen also argues that Greer failed to specify what legal action Ocwen did not have authority to take or why Ocwen could not have legally taken that action. However, Greer alleges that Ocwen did not have authority to issue a Notice of Default, because Ocwen did not wait 30 days after its previous communication to issue the Notice of Default. Ocwen also argues that Greer failed to identity in which communications Ocwen produced deficient information or how it was deficient, but Greer identified that he requested RCW 19.16.250(8) itemization and disclosures from Ocwen and Ocwen's responding communication did not respond to his requests as required by statute.

lawsuit.  The cost of litigation is not a compensable injury under the WCPA.  *Id*. at 58.  Greer has not pled injury to his business or property.

Unless Greer can plead facts to support a compensable injury under WCAA or the WCPA, these claims must be dismissed.  Greer is granted leave to amend his complaint to allege a compensable injury, if possible.

### IV.     CONCLUSION

Ocwen's Request for Judicial Notice is DENIED. [Dkt # 8]  Ocwen's Motion to Dismiss is GRANTED, in part. [Dkt # 7]

Dated this 21st day of April, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE